IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward L. Spence, | ) | C/A No.: 3:15-138-SB-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Abandoned Wreckage, located within a | ) | ORDER |
| 5 nautical miles radius centered at | ) | |
| 27º15' North latitude and a 79º09' West | ) | |
| longitude, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion of Edward L. Spence ("Plaintiff") for an order appointing substitute custodian [ECF No. 3] of the abandoned wreckage, located inside an area within a five nautical miles radius centered at 27º15' North latitude and a 79º09' West longitude, including but not limited to hull material, engines, tackle, apparel, appurtenances, ballast, cargo and passengers' possessions, but excluding the wreckage of any vessels owned by the United States, its individual States, and/or by any foreign government ("Abandoned Wreckage").

The court has reviewed the motion, verified complaint, and other pleadings submitted by Plaintiff, and finds: (1) Plaintiff is qualified to serve as the substitute custodian of the Abandoned Wreckage and the artifacts recovered therefrom ("Salvaged Artifacts"); (2) Plaintiff is willing to assume the responsibility of safekeeping the Abandoned Wreckage and Salvaged Artifacts; (3) by assuming the role of substitute custodian, Plaintiff releases the United States and the U.S. Marshal from any and all liabilities and responsibilities arising out of the care and custody of the Abandoned

Wreckage and Salvaged Artifacts and agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of his possession of the Abandoned Wreckage and Salvaged Artifacts [ECF No. 3 at ¶ 11; 3-1]; (4) pursuant to the certificate of appointment filed by Plaintiff [ECF No. 3-1], he will pay all costs and expenses incidental to the keeping of the Abandoned Wreckage and Salvaged Artifacts and will not seek any compensation from the United States or the U.S. Marshal.

The court, therefore, grants Plaintiff's motion for order appointing substitute custodian [ECF No. 3] and appoints Plaintiff as the substitute custodian of the Abandoned Wreckage, its Salvaged Artifacts, and any additional artifacts recovered from the Abandoned Wreckage. Plaintiff is to retain custody of these items for possession and safekeeping until further order of this court. Plaintiff is responsible for all costs associated with fulfilling his role as substitute custodian, as well as any costs incurred by the U.S. Marshal prior to surrendering possession of the Abandoned Wreckage and Salvaged Artifacts to Plaintiff as substitute custodian.

The U.S. Marshal is authorized and directed to surrender the possession of the Abandoned Wreckage and Salvaged Artifacts to Plaintiff as substitute custodian and, upon such surrender, the U.S. Marshal is discharged from the duties and responsibilities for the safekeeping of the Abandoned Wreckage and Salvaged Artifacts and held harmless by any party for any and all claims whatsoever out of said substitute possession and safekeeping.

Nothing in this order is to be construed as a release of the Abandoned Wreckage or the Salvaged Artifacts under Fed. R. Civ. P. E(5).  If the Abandoned Wreckage and Salvaged Artifacts have not been released within 14 days of execution of process, Plaintiff is ordered to file a motion for service by publication, which must comply with Fed. R. Civ. P. C(4).

IT IS SO ORDERED.

February 11, 2015                                          Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge