IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward L. Spence, | ) | C/A No.: 3:15-138-SB-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Abandoned Wreckage, located within a 5 nautical miles radius centered at 27º15' North latitude and a 79º09' West longitude, | ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion of Edward L. Spence ("Plaintiff") for summary judgment [ECF No. 16], seeking a determination that Plaintiff is the true and exclusive owner of the abandoned wreckage, located inside an area within a five nautical miles radius centered at 27º15' North latitude and a 79º09' West longitude, including but not limited to hull material, engines, tackle, apparel, appurtenances, ballast, cargo and passengers' possessions, but excluding the wreckage of any vessels owned by the United States, its individual States, and/or by any foreign government ("Abandoned Wreckage").

Plaintiff has filed with the court a complaint in admiralty claiming title to the Abandoned Wreckage under the common law of finds and as a result of his exercising possession of the wreckage. [ECF No. 1]. On February 11, 2015, the court entered orders appointing Plaintiff substitute custodian of the Abandoned Wreckage and directing the United States Marshal to arrest the Abandoned Wreckage. [ECF Nos. 8, 9]. On March 17, 2015, Plaintiff filed an Affidavit of Publication [ECF No. 15-1] verifying that notice of this action was published in *The State* on February 27, 2015 through March 1,

2015, in accordance with Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Pursuant to the published notice, "[a]ny party having or claiming an interest in or to [the Abandoned Wreckage] must file a claim with the court within 14 days after the last date of publication of this notice . . . ." [ECF No. 15-1].[1] The deadline of March 16, 2015, has passed and no party has presented any claim adverse to Plaintiff.

Accordingly, it is recommended that the court enter an order confirming title to the Abandoned Wreckage in Plaintiff as the true and exclusive owner and relieving the United States Marshal of any further obligation of supervision over defendant Abandoned Wreckage and any artifacts recovered therefrom.

IT IS SO RECOMMENDED

*Shiva V. Hodges*

March 23, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[1] Although the notice states that a party should file a claim 14 days from February 26, 2015, the deadline was actually March 16, 2015, because the notice last ran on Sunday March 1, 2015.

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).