IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
IN ADMIRALTY



RECEIVED

2015 APR 23 P 12: 27

| | |
|---|---|
| EDWARD L. SPENCE, ) | Civil Action No., 3:15-138-SB |
| ) | |
| Plaintiff. ) | |
| v. ) | **ORDER** |
| ) | |
| THE ABANDONED WRECKAGE, ) | |
| located within 5 nautical miles radius ) | |
| centered at 27° 15' North latitude and ) | |
| 79° 09° West longitude, ) | |
| *in rem* ) | |
| Defendant. ) | |



On January 12, 2015, the Plaintiff filed a verified complaint in admiralty claiming title to the Abandoned Wreckage, as described in the caption above. On February 11, 2015, the Court entered an order appointing the Plaintiff substitute custodian of the Abandoned Wreckage and directing the United States Marshal to arrest the Abandoned Wreckage. On March 17, 2015, the Plaintiff filed a motion for summary judgment and an affidavit of publication verifying that notice of this action was published in The State, and on the internet, on February 27, 2015, through March 1, 2015, in accordance with the Court's instruction and Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The Notice provided that "[a]ny person having an interest in or to [the Abandoned Wreckage] must file a claim with the court within 14 days after the last date of publication of this notice on February 26, 2015." The March 16, 2015 deadline passed with no party presenting any claim adverse to the Plaintiff's claim. Therefore, on March 23, 2015, United States Magistrate Judge Shiva V. Hodges entered a report and recommendation ("R&R") outlining the facts and recommending that the Court enter an order confirming title to the

Abandoned Wreckage in the Plaintiff, relieving the United States Marshal of any further obligation of supervision of the Abandoned Wreckage and any artifacts recovered therefrom. Attached to the R&R was a notice advising the Plaintiff of the right to file written objections to the R&R within 14 days. To date, no objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because no written objections have been filed, there are no portions of the R&R of which the Court must conduct a de novo review. Accordingly, after review, it is hereby

**ORDERED** that the R&R (Entry 17) is adopted; the Plaintiff's motion for summary judgment (Entry 16) is granted; and the Plaintiff has title to the Defendant Abandoned Wreckage and is the true and exclusive owner of the wreckage, thereby relieving the United States Marshal of any further obligation of supervision of the Abandoned Wreckage.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April **23**, 2015
Charleston, South Carolina

